We have three argued cases. The first is number 221814, ProBatter Sports, LLC v. Sports Tutor, Inc., Mr. Roberts. May it please the Court, Your Honors. Good morning. I'm Chris Roberts on behalf of Sports Tutor. My client was found guilty of willful patent infringement without being permitted to put on its full case towards that issue at the trial on willfulness. Now, this occurred in part because when the trial court was explaining to Sports Tutor at Appendix 2158, that it would not be permitted to put on such evidence at the trial on willfulness, the second trial, that it would not be permitted to do so because, and I quote, willfulness and infringement are the same issue. It's just a matter of degree. Did the first trial involve the issue of willfulness? Right. So this is a complicated question, if I may sort of parse through my answer on this. We are familiar with the facts of the case. Yes, ma'am. Yes, Your Honor. To some degree, the answer must be yes, in the sense that some semblance of a discussion pertaining to willfulness was had. Certainly, ProBatter put in their evidence pertaining to willfulness, and I think Sports Tutor even asked a singular question on cross-exam before sitting down. But on the other hand, the answer to that question must be no. Well, can I ask you this? Was it unclear whether willfulness would be an issue in the first trial? I do not think so because damages had been taken off the table during the pretrial conference. There was a day, I think, the first pretrial conference hearing where there was some sort of strong statement like, damages have been waived, your only option is an injunction. But the next day, isn't it so that a motion was filed with additional information relating to that issue, and then a week later on the first day of trial, wasn't it made clear that the judge would consider the damages evidence and then decide later whether damages would be on the table or not? No. So a memorandum was filed, I think that's ECF 427, sort of urging the court not to do this. But the court said unequivocally, we're not going to have a damages trial later. And there was no statement. She said that before. Yes. She didn't say that at the trial. Yes, and my point with this is that no portion of trial indicated that that statement was being undone. What about just hearing evidence on reasonable royalty and saying, I will decide later what to do about that evidence? Why isn't that an indication that the judge is saying, even if I said those other things earlier, I'm changing my mind, as I have the right to do, and let one week after I made some strong statements at a hearing. Yes, and to be clear, this is a very important point as to what the judge said on this issue. The judge said it would consider what to do later about sports tutor's objection to the entry of such evidence. No portion of that discussion indicated that it was going to undo its damages trial. Why in the world would the judge say, I am not going to consider damages, then say, I'll decide what to do with the damages evidence later, if it wasn't that she was reconsidering her decision? To be clear, it said, I'll decide what to do with sports tutor's objection later. And the objection was to say, you already ruled that damages wasn't part of it. This shouldn't be coming in at all because it's mooted. Do you think the judge didn't have the right to change her mind? Of course, a trial court has discretion on how to run their courtroom. One of the issues that arises is under law of the case. Wait a second, so is the answer yes, that a trial judge has the right to revisit a ruling? They have the power to do so, yes. However, under the framework of law of the case, if doing so would prejudice the parties based off of a detrimental reliance of a pre-ruling, and there's no sort of warning that it's going to be undone. What is the evidence of detrimental reliance? As I recall, there was a big colloquy on the first day of trial. And then you made objections during the trial, and then you had j-mal motions. And all of those acts by your side seemed to indicate that you were seeking to get a ruling from the trial judge, not that the trial judge had already made a ruling. In fact, I don't recall you at any time during the trial or in the post-trial briefing suggesting that the district court had already made a ruling during the pretrial conference. Well, I would disagree with that. There was a motion. Okay, where did you say, perhaps on the first day of trial or at your objection or in any of your j-mal motions, hey, judge, don't forget, you already made a ruling on this during the pretrial conference. You already ruled that the other side waived damages. So the strongest place... Where would that be? I didn't find it. Yes, Your Honor. And the strongest place that it was as close to the verbiage you're using is in the motion to adhere to its pretrial determinations, in which it said that an order was made. During the trial... Could you give us an appendix page? Excuse me? Could you give us an appendix page? I may honor further discussion on rebuttal as to that particular motion, but as far as... I'm just trying to interpret what happened in the record. I'm trying to read the words of your counsel in the first day of trial and then look at the j-mal motions. I don't see anywhere where it said, look, you already made a ruling. And we relied on that ruling. And in fact, the whole course of the trial, the damages came in, the evidence came in, and it seems to me that you were on notice that there's a strong possibility that damages was going to be decided during that first trial. I would disagree. As far as damages, the court was quite clear. Now, the j-mal on Appendix 1408 as to willfulness was on the basis that damages had been mooted. And Sports Tutors' Counsel, right there at Appendix 1408, as Pro Batter points out, said, Your Honor, willfulness should be decided on j-mal because damages is mooted. And it said so in such strong words. Now, I do wish that during trial I sort of have the same lens that this panel does. You were urging at that time for the district court to make a ruling that damages had been waived and so, therefore, willfulness had been mooted. No. We were urging the court to find that willfulness must be decided on j-mal. Actually, what you said was you said it's moot in the event that there are no damages. The triple zero is still zero. Right. They're speaking somewhat deferential to the judge. It doesn't suggest that there's an understanding that she already ruled. It's an understanding that there might not be damages. Right? In the event that. Saying that in the event that damages are. Right. Suggesting that there wasn't already a ruling, right? Speaking deferentially, saying that when damages is ruling and not saying. When it's ruled on in the future. Well, saying that they're not saying to the judge unequivocally, Hey, you decided this and now you're prejudicing us. They're speaking deferentially to her. Just to be clear on the timeline here. My understanding about this motion to adhere to the pre-trial determinations was on April 28th, 2017. Yes. Which you said there that she had ruled earlier on these things, and she should adhere to those determinations. Yes. And she recognized that she'd made rulings earlier, but she decided at that point not to adhere to them. But I think the question is did you make a similar motion or argument at the trial itself that the judge had already made a ruling not to have a damages trial and that she should adhere to it? I see that happening later. Yes. But not at the trial itself. And to Judge Stahl's point, when sports tutor was urging it, they were doing so deferentially. They weren't saying unabashedly, this is all done. Acknowledging that it's still sort of her power. But to this point, it's clear that sports tutor did not put on evidence pertaining to this at the first trial. Can I ask you something? Yes. Why wouldn't evidence, what is the evidence that would have been put on? I think it relates to whether or not sports tutor copied. And why wouldn't that be put on? And where an issue in the case is willfulness. Why wasn't that put on in the first case? I'm sorry, are you asking about why willfulness was not put on? Well, why you didn't, what sort of, I guess I got a two-part question. Yes. What is the evidence that you would have presented? Pertaining to willfulness? That you think you were prejudiced and you weren't able to present. Yes. Yes. A couple things. Sports tutor would call Bill Green, the CEO, during its case in chief and for the first time talk about his mens rea in relation to the notice letter. Now, the court referred to this as a notice letter, and that's important because nobody went through, and the notice letter is at page 649 of the appendix. It does not accuse him of infringement. It does not point to any particular claim. Does it have to accuse him of infringement? To be a notice letter, it at least has to give some semblance of an acknowledgement that they believe they're infringing their patents. Going to a essentially small company and saying, here's a mountain of patents. I think I saw a quote in your brief that suggested that, yes, you have to allege infringement, and I looked up that case and it didn't say what you said it says. I don't think that there's a very strict guideline as to the magic words that need to be in a notice letter, but it at least needs to apprise a reasonable person that they are infringing a patent, and here that's not the case. They only ask Bill Green to do one thing, and that's please show us your patents. This seems like a letter from two industry members that are equally worried about infringing their competitors' patents, as they are towards infringing a patent, or alleging infringement of a patent. Now, in any event, it is clear that Sports Tutor did not put on its full case towards these issues at the first trial. I still don't understand what the evidence is that you are saying that you would have put in had you made the strategic decision to present a defense to the claim of willfulness at the first trial. Yes, Your Honor. At the bare minimum, it would have been a discussion of the mens rea of the person accused, and that was not had. But in addition to that, one thing that was never really explained to the court as it pertains to dynamic breaking is the fact that there's only three ways to slow down a wheel, and Bill Green, who has an engineering degree, would understand this, that you either simply add a brake to it, or reduce the voltage to it, or use dynamic braking. And no person who is in this space would suspect that dynamic braking is the subject of a patent claim, and that discussion was not had. There was no discussion of dynamic braking? No, towards a person's reasonable belief that it wouldn't be part of a patented claim here. I had thought that maybe there were some invoices that you would seek to present. Yes, and those are the next point, and those pertain on a couple issues, including copying. Don't those relate also to validity, don't they? That's right. Were those invoices presented as part of the validity defense in the first trial? No, the invoices themselves were belatedly discovered, and sports tutors specifically did not introduce them because they didn't want to disturb the prior ruling that damages had been waived. And in any event, it was clear to the court that sports tutor was operating under the belief that willfulness was not part of the first trial, and yet when it begged the court to be able to put in such evidence... I think that willfulness wasn't part of the trial if you move for JMO on willfulness. Because damages wasn't part of the first trial. But willfulness and damages aren't the same thing, right? I understand that three times zero is zero, but first of all, if you didn't have a definitive ruling on damages, that seems like a strategic decision that maybe was not the right one in hindsight. And it was based off of your ruling. And then also, willfulness is kind of a bad tag anyway to receive. It goes along with infringement. Why wouldn't somebody defend against a charge of willful infringement along with defending against the charge of infringement? That's a good point, Your Honor. Infringement was also not part of the first trial. Neither was damages. And so to its essence, willfulness particularly goes to those issues. And it's at least clear to the trial court that sports tutor was operating under the belief that that's not part of this trial. And when it asked to put in further evidence, it was not permitted. Now, as a standalone matter, generally speaking, at Appendix 21 of the court's ruling, it said we're going to have a trial on willfulness. It's yet to be adjudicated, and yet you don't get to put in any evidence. And we would submit that that on its face is clear error, and we would ask to remand for our ability to at least put in enhanced damages evidence on that issue. In your plea brief at page 22, you cite to a case called Amstead v. Buckeye Steel for the proposition that, quote, a letter notifying a defendant of the plaintiff's patents which does not allege infringement is not notice of infringement for purposes of willful infringement, end quote. I couldn't find that quote in that opinion, and you didn't provide a pin site. Do you have a copy of the opinion? I do not, but I'll endeavor here to try to get you one. And if you like, I will supplement that particular case if you wish. I think I already know what it says. Okay. I believe that is my time, but if you wish, I'll take a look at that issue and try to see where the quote comes from. Okay. Well, you're out of time, but we'll give you two minutes of rebuttal. Mr. Horvath? Yes. Good morning, Your Honor. May it please the Court, my name is John Horvath. I come here for ProBatter Sports. Essentially, sports suit raises two issues, both, in my judgment, are without any merit whatsoever. The first challenge is an enhanced damages award. As this Court has said specifically in state industries versus more flow, that type of issue is committed to the sound discretion of the trial judge. Yes, but the argument here is that she stated she wouldn't consider your client's misconduct in considering the enhancement issue. We have a line of cases, the most recent one I think is Romag, stating that in considering attorney's fees, which is a similar issue, that you have to consider misconduct even though it's been sanctioned. In the first place, the judge never said she was going to bar or exclude damages because they were waived. Wait, you're not addressing what I was asking you about. She declined to consider your client's misconduct and the issue of enhancement, right? That's true. Yeah, and why isn't that an error under Romag in earlier cases that address that issue in the context of attorney's fees? Well, that's never been raised as an issue by a sports tutor, as an issue which should be adjudged. I thought in their brief they argued that she needed to, that she erred in not considering your misconduct. No. No, they argued that the judge was mistaken by finding that sports tutor deliberately copied the patented technology. She was mistaken because she found Mr. Green's testimony to be utterly without credibility, and they argued that, no, the judge was wrong when she found that sports tutor went into the courtroom and presented false evidence in an effort to manufacture a prior defense when they had no defense. And from that perspective, that's why- You're saying the defendant didn't, in addition to all that, also argue that the plaintiff had committed different forms of litigation, misconduct, and those plaintiff misconduct need to be considered in evaluating whether to enhance damages? I believe below that was an issue for certain, and the judge said that I've already addressed that question. What about on page 26 through 27 of the brief? Of their brief? Of their brief. Okay. It's there before this court. Okay. You might want to take a look at it. I believe your red brief says that whatever they're arguing at page 26 was waived because it's some different animal of an argument compared to what they actually argued below. Right. I think that- Clean hands theory is what you described it as. Right. Well, it's not an unclean hands argument. That's not the way it's been treated in our past cases. So on 26, they do raise this argument, right? They do. They do. You're right. Okay. So you shouldn't say that they didn't when they did. Okay. I misspoke, Your Honor. I apologize for that. But- What's the answer? Why was it proper for her to refuse to consider your misconduct? Because I believe the enhancement statute focuses on the culpability of the defendant, number one, and that doesn't take into account the plaintiff's misconduct. The court has said, too, you've got to consider the totality of the circumstances. If that's part of the totality of the circumstances for purposes of award of attorney's fees, why isn't it similarly part of the totality of the circumstances with respect to enhanced damages?  And number two, the judge was correct that whatever mistakes were made by probator, they were addressed, remedied, and they should not be counted twice against probator. That's exactly the wrong argument. The cases say that the fact you were sanctioned before is not a reason for refusing to consider this in connection with attorney's fees. It's a reason to consider it. It's the exact opposite of what the judge said here. Well, I don't believe there is a case with respect to this particular statute here where a court has said, this court has said, that the patentee's conduct, litigation misconduct, whatever it may be, should be taken into account. Yeah, that's the question, which is we've already said in the context of 285 courts that you have to take in the totality of the circumstances we said. We're going to look at both sides' behavior or relative misbehavior before we figure out whether to assess attorney's fees against the losing party. And the question is whether to port that idea over into the context of 284 enhanced damages. And as you point out, enhanced damages is something about trying to figure out the degree of culpability of the defendant's conduct. And so when you look through the Reid v. Portek factors, they all seem defendant-centric in terms of their actions. Now, they also include defendant litigation misconduct. So that might start to introduce the possibility that we should consider everybody's litigation misconduct. But at the same time, maybe there's something different about 284 because 284 is at bottom about whether somebody is subjectively acting like a pirate and copying someone else's patented technology. Right. So I agree with that. And I also need to emphasize that the trial judge did take into account Probatter's alleged misconduct because it had addressed... She wouldn't take it into account. She said that she addressed it previously and that it would be unfit... That's exactly the argument that was rejected in the attorney's fees basis. Are you saying that you're reading her statement as being something like, well, I took that into account when I said I wouldn't award any attorney fees. I'm not going to also reduce the amount of enhancement based on that. Is that what you're suggesting? Yes, that's exactly what she said. No, it's not exactly what she said. She said, I'm not going to consider it because I've already taken it into account, whereas these cases say the fact that you've sanctioned somebody is not a reason for not taking it into account in the attorney's fees context. But I think she did take it into account in this context by noting that she had already excluded the right to attorney's fees under 285. And so in her judgment and in her discretion, she decided not to count it twice. But that's exactly the argument that's rejected in these cases. Well, again, this is an issue committed to the sound discretion of the trial judge. Not if she makes a legal error. I respectfully suggest it's not a legal error for her to take it up and to deal with it previously, particularly with excluding attorney's fees. Do you know whether the read factors are directed or any of them are directed to the plaintiff's behavior? I don't think they are. Do you know whether the read factors are required and mandatory to be considered? I don't think they're mandatory, but they're the guide. And that's what she followed and applied here. And that's what she used to find deliberate copying, deliberate actions within the court to trick the trial judge, and no defense whatsoever for 12 plus years of infringement. On the second issue, the notion that during that pretrial conference there was an order or a ruling or a decision which barred probata from seeking damages is just plain false. There were difficult decisions. You keep saying that it's false, and yet in her March 20th order she refers to those prior statements at the pretrial conference as rulings. So it seems to me that you're making an argument which isn't justified by the record. She herself recognized that she'd made rulings. She was changing her mind, but she did make rulings earlier. She was looking at whether or not there was a discovery violation. She made a big deal out of there weren't any prior rulings. But the judge herself said there were prior rulings. Judge Jake, there's a difference between noting that there's a discovery violation and then going to the ultimate conclusion and barring somebody because of that discovery violation. She never got to that final spot of barring damages. She just simply did not. There was no order. There was no ruling. And we know that because of what happened afterwards. Can I ask you something? Yes. If the only thing on the record were the statements that she made during that telephonic conference, it would be pretty safe to say that she made a ruling, right? I mean, I think the judge is entitled to change their mind, and a district court judge can revisit something the next day or a week later. There is nothing wrong with that. So I don't know why you're fighting this hypothetical on that. She did. There's some pretty strong language. I realize there was some back and forth, but there was very strong language. It looks like you're going to be stuck with an injunction. It seems like there's a waiver. There is a waiver. There was some strong language. If that was the only thing on the record, I might think there was a ruling. So I don't know why you're fighting that. Because how it ended, Your Honor. Just because of the things that happened later? In the end of that discussion, Appendix 972, she says, and I know you're new to the case. Yes, it was my first day. Perhaps somebody else might have a better answer, but I haven't heard a good one yet. All right, is there anything else? So she is not disposing of the question. She's open to hearing more, particularly because I was new to the case. Don't you think your stronger arguments might be the next day she issued another paper and she issued an order in which she dispositively resolved some of the outstanding questions and damages wasn't on there, and then a week later when trial started, she didn't stop you from presenting evidence on damages? That seems a lot stronger of an argument to me. I'd put it all together without skipping number one, but Your Honor is absolutely correct that the history of this shows that she did not – if she barred, she changed her mind. I don't think there's a ruling, but we could disagree on that. But there's no doubt that when the case started, all issues were on the table. We were going to dispose of this bar issue or not post-trial and in post-trial briefing, and that's, in fact, what she did. Everybody knew, and including the sports tutor, they put on evidence from Mr. Green about how he did not knowingly infringe a valid patent, and he went through his story with respect to why that was purportedly true, and she rejected it based on his credibility. And so it's not that they didn't have a chance to put on an enhancement case. They did. It was rejected on a credibility basis. What they're really asking for is a second chance to go back and try that question again based upon evidence that they had or could have presented at the time. And so for all those reasons, Your Honor, I think you should affirm, and this case should be disposed of. Thank you. Okay, Mr. Roberts, you have two minutes. Your Honor, as I realize time is limited here, I'd like to just make two quick points, one to some of the discussion with Judge Stahl and some to the discussion with Judge Shen. First, a quick look at the appendix. I did not find it, but the motion to us here is ECF-487, the motion to adhere after trial. And then additionally, some of your questions are on point, that it's sort of muddled to try to figure out what the first trial included. And the main point is that simply put, a sports tutor was not putting on a full-throated defense to this. I think one singular question was asked before sitting down, not a story, nothing like this. I believe four total lines of transcript went to this issue. Can I ask you a different question going to the ‑‑ I apologize for interrupting while you're trying to say this, but the enhanced damages question, what is your argument there with respect to why the court erred in not I'm sorry, in not considering the plaintiff's misconduct prior to, that it had sort of addressed this issue already by holding a second trial? I think that as a matter of equity, all things matter there. That's your reason for why the district court erred legally by not considering the plaintiff's misconduct in determining enhancement of damages for willful infringement? No, I'm sorry. I misunderstood your question. The reasoning there is that she thought she had remedied it by opening the second trial. Why is it that she would have to consider it? Consider it? The plaintiff's misconduct. Because it's a matter of equity, and to do equity What is your law that says it's a matter of equity, and where is that explained in your brief? Just as enhancing damages, it's my understanding that it's an equitable remedy based off of the Do you have any cases that say that we should be looking for purposes of enhanced damages for willful infringement by the defendant that we should be looking at the plaintiff's misconduct? No, not off the top of my head. Do you have any cases that say that enhancement is an equitable remedy? Not off the top of my head. I apologize, but As I recall, the Supreme Court in HALO described 285 attorney's fees as compensatory in nature for unnecessary litigation. But for 284 enhanced damages, it's something punitive. Punitive directed at egregious behavior by the defendant, by the infringer. So what I'm wondering is, with that kind of a distinction between attorney's fees and enhanced damages, maybe we don't necessarily look at everybody's behavior in the context of trying to figure out the degree of culpability of the infringer. And to some degree, that would be true. It's really trying to punish a bad actor, and you're correct about that. But if I could just answer your other question about the citation error. I didn't get to the bottom of that, but I wanted to say apologies if something wasn't cited properly. But I will say that the point there is that if you're not reasonably putting somebody on notice that you're infringing a patent, then it cannot be a notice letter. You can't just put somebody on notice that a patent exists. Well, the quote I found from Amstead is, it is well settled that a potential infringer having actual notice of another's patent rights has an affirmative duty of due care. That affirmative duty will normally entail the obtaining of competent legal advice before engaging in any potential infringing activity or continuing such activity. Your quote from Amstead says, if you don't actually allege infringement, it's not a notice letter for purposes of willful infringement. Now again, I don't know where you got this quote from that opinion, but that's the quote you put into your blue brief. Yes, and the only point we're trying to make on this particular issue is that if you're not reasonably on notice that you're infringing anything, then... I made my point. Yes. Thank you, John. Okay. Thank you both, counsel. The case is submitted.